UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| BRENT NOBLE et al., ) ) Plaintiffs, ) ) vs. ) ) NEVADA CHECKER CAB CORP. et al., ) ) Defendants. ) | 2:15-cv-02322-RCJ-VCF  ORDER |

This class action complaint arises out of the alleged practice of several taxi companies of printing more personal information on customer receipts than is permitted by federal law. Pending before the Court is a Motion to Dismiss (ECF No. 21). For the reasons given herein, the Court grants the motion, with leave to amend.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiffs allege six Defendant taxi companies have violated the Fair and Accurate Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g) "by printing more than the last 5 digits of the card number on receipts provided to credit card and debit card cardholders transacting business with Defendants." (Compl. ¶¶ 5–6, ECF No. 2). Plaintiffs sued Defendants in this Court, naming as a class all consumers receiving such receipts within the two-year period

preceding the filing of the Complaint, listing six subclasses according to the six Defendants. (*See id.* ¶¶ 23–24). Defendants have moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,

under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

### III. ANALYSIS

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). Defendants argue that Plaintiffs have merely stated the barebones language of the statutory prohibition and have not pled facts making a violation plausible. As noted, Plaintiffs allege Defendants violated the statute "by printing more than the last 5 digits of the card number on receipts provided to credit card and debit card cardholders transacting business with Defendants." (Compl. ¶ 6). That is consistent with printing the last six (or more) numbers of the card number, which would likely make out a violation, but it is also consistent with printing the last five numbers plus the customer's name or some other information, which is not likely a violation. Defendants note that no examples are attached to the Complaint and argue that without allegations of what information was in fact printed on the receipts, the Court should dismiss, with leave to amend.[1] The Court agrees. Plaintiffs must allege facts as to what information was printed on the receipts; they may not simply recite the statute and conclude a violation. Defendants also argue that no allegations indicate willfulness, as required under §1681n(a). That is:

---

[1] Defendants also argue that in correspondence with Plaintiffs' counsel, they have ascertained that the Complaint is based on Defendants printing the first number of the card plus the last four numbers of the card. Defendants argue that this is not a violation of § 1681c(g)(1) because the first number of a card is simply a code identifying the card company—information that is lawful to print on receipts in word form—and is therefore not the kind of private financial information FACTA was intended to protect. *See Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 618–19 (W.D. Mich. 2009). *But see Tchoboian v. FedEx Office & Print Servs., Inc.*, No. SA CV10-01008, 2011 WL 12842230, at *3–4 (C.D. Cal. Nov. 14, 2011) (disagreeing with *Broderick* and refusing to dismiss where the plaintiffs alleged the first two plus the last four numbers were printed). The Court will not attempt to sort out these issues in the absence of factual allegations in an amended pleading.

> [A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).[2]  There is no liability where a company's reading of the relevant statute is objectively reasonable, i.e., where one of several reasonable interpretations is complied with, despite any evidence of subjective bad faith. *Id.* at 70 & n.20. The Court will not analyze this issue before receiving the amended pleading.

Plaintiffs have not responded to the motion except to file the First Amended Complaint ("FAC").  The FAC does not fix the pleading problem identified herein.  The Court will therefore dismiss the FAC, as well, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 21) is GRANTED, and the Complaint (ECF No. 2) and the First Amended Complaint (ECF No. 25) are DISMISSED, with leave to amend within twenty-one (21) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge

---

[2] The civil liability provision of § 1681n governs FACTA, as well, which was an amendment to FCRA. *See* Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, § 113, 117 Stat. 1952 (2003).