UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENT NOBLE et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NEVADA CHECKER CAB CORP. et al., <br><br> Defendants. | 2:15-cv-02322-RCJ-VCF <br><br> **ORDER** |

This class action complaint arises out of the alleged practice of several taxi companies of printing more personal information on customer receipts than is permitted by federal law. Pending before the Court is a Motion to Dismiss (ECF No. 32).

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs allege six Defendant taxi companies have violated the Fair and Accurate Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g) "by printing more than the last 5 digits of the card number on receipts provided to credit card and debit card cardholders transacting business with Defendants." (Compl. ¶¶ 5–6, ECF No. 2). Plaintiffs sued Defendants in this Court, naming as a class all consumers receiving such receipts within the two-year period preceding the filing of the Complaint, listing six subclasses according to the six Defendants. (*See id.* ¶¶ 23–24).

Defendants moved to dismiss for failure to state a claim. The Court dismissed the Complaint (and the First Amended Complaint that had been filed in the meantime), with leave to amend, because Plaintiffs had not alleged the way in which Defendants had violated § 1681c(g), but had merely recited the statute. The Second Amended Complaint ("SAC") includes a relevant factual allegation that Defendants printed the first number plus the last four numbers of Plaintiffs' credit card numbers on receipts. (Second Am. Compl. ¶¶ 30, ECF No. 31). Defendants have again moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).  Defendants argue that printing the first number plus the last four numbers is not a violation of § 1681c(g)(1) because the first number of a card is simply a code identifying the card company—information that it is lawful to print on receipts in word form—and is therefore not the kind of private financial information FACTA was intended to protect. *See, e.g.*, *Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 618–19 (W.D. Mich. 2009). *But see, e.g.*, *Tchoboian v. FedEx Office & Print Servs., Inc.*, No. SA CV10-01008, 2011 WL 12842230, at *3–4 (C.D. Cal. Nov. 14, 2011) (disagreeing with *Broderic*k and refusing to dismiss where the plaintiffs alleged the first two plus the last four numbers were printed).  The Court agrees with the conclusion of a sister district court in this Circuit in a multidistrict litigation case that printing the first number plus the last four numbers is not a violation of § 1681c(g)(1):

> Defendant's expert, Mari Frank, has opined, moreover, that the printing of the first six digits of the credit card number, in addition to the permissible last four, could not possibly cause actual harm to consumers.  This is because the first six digits of any credit or debit card number identify the issuing bank or other entity, not an account number unique to the consumer.  The seventh through sixteenth digits of a credit or debit card number contain unique identifiers.  FACTA therefore permits only the thirteenth through sixteenth numbers to be printed on the credit card receipt.  In this case, Toys did not print the seventh through twelfth numbers on its receipts.  FACTA, moreover, does not prohibit

printing the name of credit card issuer on a receipt. The first six digits that were incorrectly printed on the receipt, therefore, provided only information about the issuing bank, not information unique to an individual consumer.

*In re Toys "R" Us FACTA Litig.*, Nos. MDL 08-01980, CV 06-08163, CV 08-06645, 2010 WL 5071073, at *11 (C.D. Cal. Aug. 17, 2010) (footnotes omitted).

Courts disagree whether the statute is ambiguous. The Court believes it is. Is the first digit plus the last four digits "more than the last 5 digits?" It is certainly "other than" the last five digits, but it is just as certainly not "more than five digits." Knowing, as discussed in the *Toys "R" Us* litigation, that the first few digits represent information concerning the card issuer and that only the latter digits represent personal account numbers, "more than the last 5 digits" would appear to restrict only printing the last six or more digits. It is also clear that there is no restriction on printing things such as descriptions of items purchased, dates and times of transactions, and names of merchants, information which, like the identity of the card issuer, could be useful to a fraudster in engineering a phone call to extract additional information from a consumer. Yet no one imagines this kind of information cannot be printed under FACTA, which would be the result of reading "more than the last 5 digits" to mean something like "anything other than the last five digits."

Defendants also argue that no allegations indicate willfulness, as required under § 1681n(a). That is:

> [A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).[1] There is no liability where a company's reading of the relevant statute is objectively reasonable, i.e., where one of several reasonable interpretations is complied with, despite any evidence of subjective bad faith. *Id.* at 70 & n.20. The Court finds that at a minimum, Defendants' reading of the statute to permit the printing of the first number plus the last four numbers is reasonable.

Even assuming printing the first number plus the last four numbers constitutes a willful, technical violation of the statute, however, "because Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first [digit] could have resulted in a risk of harm greater than that prohibited by Congress." *In re Toys "R" Us FACTA Litig.*, 2010 WL 5071073, at *12. That means Plaintiffs have no standing to complain of the putative technical violations of the statute alleged here, because the putative violations created no "concrete" harm of the type sought to be prevented by Congress, and Plaintiffs have not separately alleged any actual harm, i.e., they have not alleged any resulting credit card fraud. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549–50 (2016) (holding that there is no standing to sue for a bare, technical statutory violation absent "concrete injury" which means at a minimum a degree of risk that the harm envisioned by Congress will materialize).

At the hearing on the present motion, Plaintiffs argued that the *Toys "R" Us* court's potentially persuasive analysis was foreclosed by *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010). Plaintiff quoted the following excerpt from *Bateman*: "from December 2006 to January 2007, AMC issued credit and debit card receipts from some of its automated box offices that included both the first four and the last four digits of the credit card, a violation of

---

[1] The civil liability provision of § 1681n governs FACTA, as well, which was an amendment to FCRA. *See* Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, § 113, 117 Stat. 1952 (2003).

FACTA." 623 F.3d at 711.  Plaintiffs, however, omitted the first three words of that sentence: "Bateman alleged that . . . ." *Id.*  The *Bateman* opinion concerned class certification issues and did not concern any interpretation of FACTA itself. *See generally id.*

Here, the harm envisioned by Congress (credit card fraud) has not been made materially more likely to occur, because printing the first number plus the last four numbers gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts.  Although Plaintiffs argue that Defendants here did not separately print the name of the card issuer, such that the first number gives a potential fraudster "extra" information, the fact remains that that "extra" information is not of the type Congress has prohibited the printing of.

In summary, the Court rules that Plaintiffs have no Article III standing to pursue their claims under FACTA.  For the convenience of the Court of Appeals, the Court also rules, as addressed, *supra*, that even assuming standing under *Spokeo*, there was no FACTA violation here because Defendants' interpretation of the statute was not unreasonable under the standards of the *Safeco* Court's interpretation of § 1681n(a).

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File a Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 43) is GRANTED, and the Clerk shall FILE the briefing attached thereto (ECF No. 43-1).

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 19th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge